UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-14294-CIV-MARTINEZ/MAYNARD

MORGAN STANLEY
SMITH BARNEY LLC,

    Plaintiff,

vs.

CORBIN HOFFNER,

    Defendant.
_____/

## REPORT & RECOMMENDATION

Plaintiff Morgan Stanley Smith Barney LLC ("Morgan Stanley") has filed a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction against Defendant Corbin Hoffner ("Hoffner").  DE 4.  The Motion is supported by a memorandum of law, DE 5, and three sworn declarations, DE 6, DE 7, and DE 11.  Presiding U.S. District Judge Jose E. Martinez has referred this to me for appropriate disposition.  DE 10. For the reasons stated below, I find that Morgan Stanley has not met the requirements for the issuance of a TRO without notice to Hoffner and an opportunity for him to be heard.  In addition, Morgan Stanley's alternative request for preliminary injunctive relief is premature.  I therefore respectfully recommend that the Motion be **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

On September 9, 2024, Morgan Stanley commenced this action by filing a Complaint against its former employee, Hoffner, for breach of contract (Count I), breach of duty of loyalty (Count II), and unfair competition (Count III).  DE 1.  The Complaint alleges that Hoffner was supposed to take over the management of Morgan Stanley clients serviced by a retiring Morgan

Stanley financial advisor, Samuel "Greg" Seaton ("Seaton"), upon Seaton's retirement. *Id.* ¶¶ 2-3, 5. These clients represent nearly $90 million in assets and are generating over $600,000 in annualized gross revenues for Morgan Stanley in 2024. *Id.* ¶ 4. Rather than take over as expected, in late August 2024, Hoffner resigned without notice two days after Seaton retired and started working for a competitor, Raymond James & Associates. *Id.* ¶¶ 2, 7-8. Hoffner then "immediately embarked on an aggressive campaign to solicit the Morgan Stanley clients developed and/or previously serviced by Mr. Seaton" in violation of his existing employment agreements containing non-solicitation provisions and other covenants. *Id.* ¶¶ 1, 9. Hoffner has solicited and continues to solicit Morgan Stanley clients by directly asking clients to move their accounts to Raymond James and falsely claiming that Morgan Stanley's Sebring office is "closing" and that Morgan Stanley would not allow latitude to service smaller customers. *Id.* ¶¶ 10-12.

The Complaint states that the merits of this dispute are subject to mandatory arbitration before the Financial Industry Regulatory Authority ("FINRA") and Morgan Stanley has filed a motion for permanent injunctive relief with FINRA, however Morgan Stanley claims to also retain the right to simultaneously seek interim temporary injunctive relief in this Court. *Id.* ¶ 20.

The day after the Complaint was filed, on September 10, 2024, Morgan Stanley filed the instant Motion seeking a TRO and preliminary injunction enjoining Hoffman from violating his contractual and other obligations to Morgan Stanley and precluding Hoffman, and anyone acting in concert with Hoffman, from soliciting or attempting to solicit Morgan Stanley's customers. Morgan Stanley further seeks an order directing Hoffman to return the company's confidential information. Lastly, Morgan Stanley seeks expedited discovery.

## **LEGAL STANDARD**

A TRO is an extraordinary remedy. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Bloedorn v. Grubs*, 631 F.3d 1218, 1229 (11th Cir. 2011). A no-notice TRO "is an extreme remedy to be used only with the utmost caution" and should be granted only in exceptional cases. *Levine v. Camcoa, Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995); *U.S. v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983).

Under Rule 65, a district court may issue a TRO without notice to the adverse party only where:

    (A)    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

    (B)    the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B). "[T]he requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process." *Woodard-CM, LLC v. Sunlord Leisure Products, Inc.*, 2020 WL 5547917, at *1 (S.D. Fla. July 29, 2020); *see also Emerging Vision, Inc. v. Glachman*, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010), *report and recommendation adopted*, 2010 WL 3293351, at *1 (S.D. Fla. Aug. 11, 2010)). Courts have explained that "[t]he normal reason for proceeding without notice is that the opposing side is unable to be found or the identity of the opposing side is unknown. In some limited circumstances, proceeding without notice is also justified upon a showing that notice would lead to the destruction of evidence." *Woodard-CM*, 2020 WL 5547917, at *1 (quoting *Glob. HTM Promotional Grp., Inc. v. Angel Music Grp., LLC*, 2006 WL 8432722, at *1 (S.D. Fla. Mar. 1, 2006)). The chief function of a TRO is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (discussing preliminary injunctions); *Granny Goose*

*Foods Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (discussing TROs); *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

If the movant establishes that it is justified in seeking *ex parte* relief, the movant next bears the burden to establish that injunctive relief is appropriate by showing: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

## **ANALYSIS**

Here, Morgan Stanley has failed to establish entitlement to a no-notice TRO. There is no proof of service having been perfected on Hoffner.[1] Morgan Stanley's counsel has also not specifically certified in writing the efforts made to give notice to Defendant and the reasons why such notice should not be required as required under Rule 65(b)(1)(B). *See, e.g., Woodard-CM*, 2020 WL 5547917, at *1-2 (denying without prejudice motion for *ex parte* TRO and preliminary injunction where plaintiff's attorney did not certify in writing efforts made to give notice and the reasons why it should not be required); *Dragados USA, Inc. v. Oldcastle Infrastructure, Inc.*, 2020 WL 733037, at *3 (S.D. Fla. Feb. 13, 2020) (denying TRO because "an *ex parte* [TRO] is an extreme remedy to be used only with the utmost caution...[and] the Court is unwilling to grant such relief in light of these [notice] deficiencies"); *Brown v. Hoffman*, 2013 WL 12099405, at *1 (S.D. Fla. Aug. 6, 2013) (denying motion for *ex parte* TRO and preliminary injunction in part because "[a] court may only issue a [TRO] without notice to the adverse party if the movant's attorney certifies in writing any efforts made to give notice and the reasons why it shouldn't be

---

[1] I note that an attorney filed a notice of appearance on behalf of Hoffner today, September 13, 2024. DE 14. However, official proof of service on Hoffner has not yet been filed in the record.

4

required. No such certification was provided."); *see also Kazal v. Price*, 2017 WL 6270086, at *4 (M.D. Fla. Dec. 8, 2017) (denying *ex parte* motion for TRO and preliminary injunction in part because "[t]he plaintiffs' attorneys fail[ed] to submit an affidavit certifying an effort to notify [the non-moving party] about the motion and fail to explain the necessity for an *ex parte* order.").

Even if Morgan Stanley's counsel were to certify in writing the assertions made in support of its Motion, I would still not find that Rule 65's requirements have been met. For instance, Morgan Stanley refers to a letter its counsel sent to Hoffner on August 30, 2024 in an attempt to resolve this matter. DE 1-5 at 2-23. This letter outlines Morgan Stanley's position on Hoffner's legal obligations to Morgan Stanley, includes certain demands, and requests a "prompt response." *Id.* Notably, the letter does not include a requested response date. More importantly, the letter demonstrates that Hoffner's identity is known. Morgan Stanley asserts that Hoffner has ignored this letter and instead continues to solicit Morgan Stanley clients to transfer assets to Raymond James. DE 5 at 3. However, any argument by Morgan Stanley that Hoffner's apparent non-response to the letter somehow obviates the notice requirement of Rule 65 is unpersuasive. At most, this letter puts Hoffner on notice of Morgan Stanley's claims and signals that Morgan Stanley intends to take all necessary steps to enforce its rights. *See e.g., Brown*, 2013 WL 12099405, at *1 ("[B]ecause Plaintiff has already made Defendants aware of this lawsuit and of his initial request for injunctive relief, there would be no harm that would result from providing Defendants notice of Plaintiff's renewed request for injunctive relief. Accordingly, Plaintiff has not shown a harm which might justify the conclusion that notice should not be required."). It is not clear how injury is so imminent and irreparable that notice and a hearing on an appropriate motion for preliminary injunction with notice to Hoffner is impractical or impossible. In all, rather than grant the extreme remedy of a no-notice TRO, the Court will be better able to comprehensively address

Morgan Stanley's allegations with proper notice to and input from Hoffner.

Moreover, the motion for a TRO is procedurally deficient. A TRO may only be issued if the movant gives security in an amount that the Court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. *See* Fed. R. Civ. P. 65(c). Here, Morgan Stanley does not argue that the security requirement should be waived, and its proposed order includes reference to a bond. DE 4-1. However, the proposed order leaves the amount of the proposed bond blank, and the Motion does not meaningfully discuss the security requirement or provide facts on which the Court could make a reasoned determination as to an appropriate amount.

Morgan Stanley alternatively requests a preliminary injunction. Under Rule 65(a)(1), a court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Here, the record does not indicate that Hoffner has been provided with the requisite notice under Rule 65(a)(1). In fact, there is no evidence that service has been perfected on Hoffner as of this report's date. Given the lack of notice to Hoffner, Morgan Stanley's request for a preliminary injunction is premature at this time. As such, the request for preliminary injunctive relief should be denied without prejudice.

## RECOMMENDATION

Morgan Stanley has failed to meet the high burden for the issuance of a no notice TRO and its alternative request for preliminary injunctive relief is premature. Accordingly, I recommend that Plaintiff's Motion for TRO/Preliminary Injunction, DE 4, be **DENIED WITHOUT PREJUDICE**. Such a ruling does not preclude Morgan Stanley from renewing its request for a preliminary injunction and requesting an expedited schedule and/or expedited discovery to address such motion with proper notice to Hoffner and any another affected parties.

### NOTICE OF RIGHT TO OBJECT
### AND SHORTENED OBJECTIONS PERIOD

Based on the time-sensitive nature of the relief sought, the parties shall have five (5) calendar days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District José E. Martinez. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within three (3) calendar days of the date of this Report and Recommendation.**

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 13th day of September, 2024.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE